UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSE MARY KEMP,                                    Case No. 11-14224

         Plaintiff,                            Victoria A. Roberts
v.                                                 United States District Judge

COMMISSIONER OF SOCIAL SECURITY,                   Michael Hluchaniuk
                                                   United States Magistrate Judge
         Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 12, 17)**

## I.  PROCEDURAL HISTORY

    A.  <u>Proceedings in this Court</u>

On September 26, 2011, plaintiff filed the instant suit seeking judicial

review of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge

Victoria A. Roberts referred this matter to the undersigned for the purpose of

reviewing the Commissioner's decision denying plaintiff's claim for a period of

supplemental security income benefits.  (Dkt. 3).  This matter is currently before

the Court on cross-motions for summary judgment.  (Dkt. 12, 17).  Plaintiff filed a

response/reply in support of her motion on May 11, 2012.  (Dkt. 18).

B.      Administrative Proceedings

Plaintiff filed the instant claims on July 24, 2007, alleging that she became unable to work on May 1, 2000.  (Dkt. 8-5, Pg ID 143-145).  The claim was initially disapproved by the Commissioner on October 30, 2007.  (Dkt. 8-4, Pg ID 100-108).  Plaintiff requested a hearing and on November 24, 2009, plaintiff appeared with counsel before Administrative Law Judge (ALJ) James N. Gramenos, who considered the case *de novo*.  In a decision dated July 8, 2010, the ALJ found that plaintiff was not disabled.  (Dkt. 8-2, Pg ID 31-45).  Plaintiff requested a review of this decision on August 17, 2010.  (Dkt. 8-2, Pg ID 26).  The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits[1] (Dkt. 8-2, Pg ID 22), the Appeals Council, on August 24, 2011, denied plaintiff's request for review.  (Dkt. 8-2, Pg ID 19-21).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that defendant's motion for summary judgment be **DENIED**, that the findings of the Commissioner be

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review.  *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).  Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ.  In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

**REVERSED**, and that this matter be **REMANDED** for further proceedings.

## II.    FACTUAL BACKGROUND

### A.    ALJ Findings

Plaintiff was 49 years of age at the time of the most recent administrative

hearing.  (Dkt. 8-2, Pg ID 34).  Plaintiff's relevant work history included

approximately three years as a housekeeper.  (Dkt. 8-6, Pg ID 165).  In denying

plaintiff's claims, defendant Commissioner considered carpal tunnel syndrome,

pain in back and legs and depression as possible bases of disability.  (Dkt. 8-6, Pg

ID 164).

The ALJ applied the five-step disability analysis to plaintiff's claim and

found at step one that plaintiff had not engaged in substantial gainful activity since

July 24, 2007.  (Dkt. 8-2, Pg ID 34).  At step two, the ALJ found that plaintiff's

degenerative disc disease of the lumbar spine, hypertension, obesity and bipolar

disorder, and recurrent depression were "severe" within the meaning of the second

sequential step.  *Id.*  At step three, the ALJ found no evidence that plaintiff's

combination of impairments met or equaled one of the listings in the regulations.

(Dkt. 8-2, Pg ID 37).  At step four, the ALJ found that plaintiff had no past

relevant work.  (Dkt. 8-2, Pg ID 40).  At step five, the ALJ denied plaintiff

benefits because plaintiff could perform a significant number of jobs available in

the national economy.  (Dkt. 8-2, Pg ID 41).

B.     Plaintiff's Claims of Error

Plaintiff's sole claim of error is that the ALJ failed to recognize that Dr. J. Alan Robertson was plaintiff's treating physician and that he is a medical doctor, not a chiropractor.  Instead the ALJ "indicated that the "claimant obtained funding through a chiropractor paid by Farmer's Insurance."  According to plaintiff, the ALJ further erroneously indicated that the treatment occurred only from 1/9/2006-1/7/2008.  (Tr. 22).  The medical treatment notes from Dr. Robertson actually cover the time frame through 6/2/2008.  (Tr. 291-377).  Plaintiff points out that Dr. Robertson provided extensive medical treatment and provided referrals for diagnostic examinations, physical examinations, and prescription medications for the time frame of January 9, 2006 through January 7, 2008.  (Tr. 291-377).  Dr. Robertson's records repeatedly indicate objective physical limitations, objective medical test result interpretations, and physical examinations yielding decreased range of motion and physical weakness.  Plaintiff contends that there are objective tests including MRI Examinations, EMG Examinations and Nerve Conduction studies that confirm multiple medical impairments.  The records further indicate an opinion that Ms. Kemp is disabled from employment.

Plaintiff maintains that the decision appears to minimize any of Dr. Robertson's opinions without explaining the lack of consideration within the frame work of the SSA Rules and Procedures.  Specifically, there is no actual

Report and Recommendation
Cross-Motions for Summary Judgment
*Kemp v. Comm'r*; Case No. 11-14224

explanation for the failure to explain the lack of consideration given to Dr. Robertson, the primary treating physician in this case. Moreover, the rules require that even if Dr. Robertson were a chiropractor, the findings in his detailed medical reports would require analysis substantially greater than that afforded in this case.

C.    The Commissioner's Motion for Summary Judgment

The Commissioner contends that the ALJ's *Wilson* error was harmless because, wittingly or not, the ALJ attributed to plaintiff limitations consistent with those identified by the treating physician. The Commissioner points out that plaintiff does not directly allege that the ALJ's decision is not supported by substantial evidence in the record as a whole, for good reason. A 2006 MRI showed a mild disc protrusion, a possible "very small" disc herniation, and mild-to-moderate degenerative disc disease. (Tr. 186). In June 2007, a neurologist conducted a musculoskeletal exam that produced abnormal findings related to plaintiff's upper extremities, but normal findings with regard to her lower extremities. (Tr. 191). In particular, muscle strength was normal, a straight leg raising test was negative, and there was no significant tenderness in the back. (Tr. 192).

A consultative examiner conducted an examination of plaintiff in October 2007. The doctor stated that she was "somewhat vague" in answering questions and was "not cooperative on account of her pain." (Tr. 250). Deep tendon

reflexes were normal. (Tr. 250). Plaintiff's gait was "fairly steady without walking aid" and her sensory exam was normal. (Tr. 251). After reviewing the MRI results and conducting a physical examination, the examiner concluded that plaintiff "displayed too much lower back pain" on examination and was "probably exaggerating her lower back problems." (Tr. 251). "In summary," he wrote, "the physical examination did not show any significant abnormalities and the complaints of pain and discomfort is [sic] out of proportion to the clinical findings." (Tr. 251). A physician employed by the state agency reviewed the record, and remarked that plaintiff had been treated conservatively, that her disc bulge was "insignificant," and that the rest of the physical examination had been normal. (Tr. 264). He believed plaintiff could do medium work (involving lifting up to 50 pounds occasionally) with no postural limitations, but with limitations on fingering and feeling due to carpal tunnel syndrome. (Tr. 264-66).

To the extent plaintiff asserts that the findings of her orthopedist, Dr. Robertson, are inconsistent with the ALJ's decision, the Commissioner contends that such an assertion is inconsistent with the evidence. Dr. Robertson did not have any imaging studies that were unavailable to other doctors who commented on plaintiff's status. For the period in question, Dr. Robertson's examinations showed a low-grade spasm in the muscles around the lower spine. (Tr. 307). He reported that plaintiff protected her back and that her range of motion was down

about 25% or 33% on average, but that her neurovascular and neurological examinations were normal. (Tr. 307, 314, 317, 320, 326). Her tandem gait was also normal. (Tr. 317). None of these findings detract from the opinions of other doctors that plaintiff did not have a disabling impairment or from the ALJ's conclusion. Also, Dr. Robertson treated plaintiff by writing codeine (Tylenol #3) and other weak opioids, plus anti-inflammatories like Aleve (Tr. 315), rather than with stronger medicine.

The Commissioner acknowledges that the ALJ misidentified Dr. Robertson, an orthopedist and violated 20 C.F.R. § 404.1527(d) by failing to give good reasons for the weight given to that opinion. However, the Commissioner contends that a violation of 20 C.F.R. § 404.1527(d) may be harmless if the ALJ's residual functional capacity finding is consistent with the medical opinion in question. For example, in *Wilson v. Commissioner of Social Security*, 378 F.3d 541 (6th Cir. 2004), the Sixth Circuit explained its finding in an earlier case that failure to discuss limitations imposed by a treating physician was harmless under the facts of the case. As the Sixth Circuit observed, "[t]here was no reason to remand the case because, wittingly or not, the ALJ attributed to the claimant limitations consistent with those identified by the treating physician." *Wilson*, 378 F.3d at 548, citing *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001). Thus, the Commissioner maintains that there is no ground for remand here if the

ALJ's residual functional capacity finding is consistent with Dr. Robertson's opinion.

According to the Commissioner, the ALJ's decision suggests that he gave extensive (if not controlling) weight to Dr. Robertson's records and opinion. The ALJ assigned an extremely restrictive residual functional capacity finding, and given that opinions from an examining neurologist, consultative examiner, and state agency physician were unexceptional, the ALJ presumably assigned the marked limitations he did find based on Dr. Robertson's records and opinion. Dr. Robertson's opinion, repeatedly stated, was that Plaintiff should "avoid any activity which would place any type of stress upon her lower back." (Tr. 292). Here, the ALJ restricted plaintiff to a narrow range of sedentary work, which limited her to such jobs as general office clerk, bench-work assembler, and sorter. (Tr. 23-24). Thus, according to the Commissioner, the ALJ attributed to plaintiff restrictions, which were consistent with Dr. Robertson's opinion, "wittingly or not."

The ALJ restricted plaintiff to the standing/walking and sitting requirements of sedentary work. (Tr. 20). The ALJ's conclusion is consistent with Dr. Robertson's clinical notes. Specifically, when plaintiff saw Dr. Robertson for the next-to-last time in May 2008, she stated that she was having increased difficulty with ambulation (Tr. 293), but this comment suggests that ambulating was

consistent with Dr. Robertson's limitations. Plaintiff fails to identify any way in which the ALJ's residual functional capacity is inconsistent with Dr. Robertson's opinion. Thus, the ALJ's *Wilson* error is harmless because "wittingly or not, the ALJ attributed to the claimant limitations consistent with those identified by the treating physician." *See Wilson*, 378 F.3d at 548.

D.   Plaintiff's Response/Reply

Plaintiff argues that *Wilson v. Commissioner* is not applicable in this case as Dr. Robertson's records directly conflict with the residual functional capacity found in the case. In *Wilson,* a case was remanded by the United States Court of Appeals Sixth Circuit on the basis that an ALJ violated §1527(d)(2). Defendant relies on a discussion in *Wilson* indicating that it was in fact possible that "a de minimus" violation may qualify as harmless error and not require a remand. The case cited for this proposition is *Heston v. Commissioner of Social Security*, 245 F.3d 528 (6th Cir. 2001), in which the court found remand unnecessary where the ALJ failed to consider a treating physician's opinion because "wittingly or not, the ALJ attributed to the claimant limitations consistent with those identified by the treating physician." Plaintiff contends the present case is like *Wilson*, not *Heston*, because the treating physician's opinion created sufficient grounds to invoke the requirements of §1527(d)(2) as they materially differed from the residual functional capacity findings postulated by the ALJ in the decision.

Report and Recommendation
Cross-Motions for Summary Judgment
*Kemp v. Comm'r*; Case No. 11-14224

According to plaintiff, Dr. Robertson was the treating physician from January 9, 2006 through June 2, 2008 and he treated plaintiff for Stage III Hypertension, Psychological Compromise, most likely Dysthemia and Anxiety, and Lumbar Dysfunction (L4-5 intervertebral disc disruption with stenosis). (Tr. 292). The June 2, 2008, report indicates a "poor" prognosis with a need for assistance with household chores. The January 7, 2008 notes indicate that plaintiff is a surgical candidate with the need for a "provocative discography CT investigation with a probable decompression and fusion." The record indicates the L4-5 disc was desiccated and there was a "high-intensity zone consistent with an annular tear demonstrated" on diagnostic imaging. (Tr. 301). Dr. Robertson consistently throughout his treatment record indicates a "poor" prognosis and the need for household assistance. Dr. Robertson treated Ms. Kemp with prescriptions from the pain medications Mobic and Codeine, and psychiatric medications including Welbutrin, Seroquel, and Celexa. Plaintiff contends that the ALJ did not give accurate weight or consideration to the treating physician's opinions and records in that Dr. Robertson clearly indicates medical and mental restrictions that materially and directly conflict with the ALJ's findings.

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system

in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v.*

*Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

Report and Recommendation
Cross-Motions for Summary Judgment
*Kemp v. Comm'r*; Case No. 11-14224

B.     Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits."

*Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994);

*accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003).

There are several benefits programs under the Act, including the Disability

Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq.*) and the

Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et*

*seq.*).  Title II benefits are available to qualifying wage earners who become

disabled prior to the expiration of their insured status; Title XVI benefits are

available to poverty stricken adults and children who become disabled.  F. Bloch,

Federal Disability Law and Practice § 1.1 (1984).  While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

Report and Recommendation
Cross-Motions for Summary Judgment
*Kemp v. Comm'r*; Case No. 11-14224

Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.

Step Two: If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.

Step Three: If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is

precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited

with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step

without a finding that the claimant is not disabled, the burden transfers to the

Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

At the fifth step, the Commissioner is required to show that "other jobs in

significant numbers exist in the national economy that [claimant] could perform

given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at

241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter

differently and even where substantial evidence supports the opposite conclusion.

*McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where

substantial evidence supports the ALJ's decision, it must be upheld.

C.    Analysis and Conclusions

In weighing the opinions and medical evidence, the ALJ must consider

relevant factors such as the length, nature and extent of the treating relationship,

the frequency of examination, the medical specialty of the treating physician, the

opinion's evidentiary support, and its consistency with the record as a whole. 20

C.F.R. § 404.1527(d)(2)-(6). Therefore, a medical opinion of an examining source

is entitled to more weight than a non-examining source and a treating physician's

opinion is entitled to more weight than a consultative physician who only examined the claimant one time. 20 C.F.R. § 404.1527(d)(1)-(2). A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's opinion and the reasons for that weight." Soc.Sec.R. 96-2p, 1996 WL 374188, *5 (1996). The opinion of a treating physician should be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record." *Wilson*, 378 F.3d at 544; 20 C.F.R. § 404.1527(d)(2). A physician qualifies as a treating source if the claimant sees her "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition." 20 C.F.R. § 404.1502. "Although the ALJ is not bound by a treating physician's opinion, 'he must set forth the reasons for rejecting the opinion in his decision.'" *Dent v. Astrue*, 2008 WL 822078, *16 (W.D. Tenn. 2008) (citation omitted). "Claimants are entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007). "The opinion of a non-examining physician, on the other hand, 'is entitled to little

weight if it is contrary to the opinion of the claimant's treating physician.'"
*Adams v. Massanari*, 55 Fed.Appx. 279, 284 (6th Cir. 2003).  Courts have
remanded the Commissioner's decisions when they have failed to articulate "good
reasons" for not crediting the opinion of a treating source, as § 1527(d)(2)
requires.  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2000), citing,
*Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to
remand when the Commissioner has not provided 'good reasons' for the weight
given to a treating physician's opinion and we will continue remanding when we
encounter opinions from ALJ's that do not comprehensively set forth the reasons
for the weight assigned to a treating physician's opinion.").

 In this case, there is no dispute that the ALJ erred by not following the
treating physician rules.  However, the Commissioner contends the error is
harmless under *Heston*, *supra*.  The undersigned disagrees.  In *Heston*, the Court
found the error harmless for three reasons.  First, no objective medical evidence
supported the report's conclusions.  *Id*. at 535-36.  Second, the summary was of
the plaintiff's medical history before the period of disability.  *Id*. at 536.  And
third, the court noted that the physician's summary's limitations were already
incorporated to the vocational expert's testimony.  *Id*.  The Commissioner
essentially argues that the ALJ's RFC was consistent with Dr. Robertson's
opinions and plaintiff has identified no specific limitation imposed by Dr.

Robertson on plaintiff that the ALJ did not incorporate into the RFC.  The analysis under § 404.1527(d) is not limited to the ALJ adopting or rejecting the opinion of a treating physician about a claimant's specific limitations.  *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d, 399, 406 (6th Cir. 2009) ("If the ALJ does not accord controlling weight to a treating physician, the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of the examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician.").  The undersigned concludes that this error is controlled by *Wilson*, not *Heston*:

> A court cannot excuse the denial of a mandatory procedural requirement protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely. '[A] procedural error is not made harmless simply because the [aggrieved party] appear to have had little chance of success on the merits anyway.' To hold otherwise, and to recognize substantial evidence as a defense to non-compliance with § 1527(d)(2), would afford the Commissioner the ability to violate the regulation with impunity and render the protections promised therein illusory. The general administrative law rule, after all, is for a reviewing court, in addition to whatever substantive factual or legal review is appropriate, to 'set aside agency action ... found to be ... without observance of procedure required by law.'

*Wilson*, 378 F.3d at 546 (internal citations omitted). This is not the typical debate about whether the ALJ should have given the physician's opinion "controlling weight" or failed to give good reasons for giving it less than controlling weight. Rather, it is entirely speculative what, if any, weight or consideration was given to Dr. Robertson's treatment records and opinions because the ALJ both failed to recognize that he was a treating medical doctor and because he barely discussed the contents of those records. Dr. Robertson's treatment records can be found at Exhibit C13F below. The ALJ discussed these records as follows:

> I have considered all the evidence of record, particularly exhibits C1E to C8E and C1F to C17F.
>
> * * *
>
> Claimant obtained funding with a chiropractor paid by Farmer's Insurance wherein claimant had alleged a motor vehicle accident on December 28, 2005. The first visit with the chiropractor was dated January 9, 2006. (exh. C13F/ll). Multiple visits with the chiropractor physician reported basic advice for claimant "is to avoid any activity that would place any type of stress upon her lower back." [Exh C13F]. The last reported visit with the chiropractor is identified as January 7, 2008. *Id*. exh. C13F/12.

(Dkt. 8-2, Pg ID 34, 40). This discussion is simply inadequate under the regulations and the error is not harmless, even if it is likely that the result below will be the same. *See Wilson*, *supra*.

Moreover, *Heston* is inapplicable because unlike *Heston*, Dr. Robertson did not provide an opinion regarding plaintiff's specific limitations that were, in fact,

Report and Recommendation
Cross-Motions for Summary Judgment
*Kemp v. Comm'r*; Case No. 11-14224

included in the ALJ's RFC.  Rather, the ALJ simply failed to recognize that Dr. Robertson was a treating physician and the entirety of his analysis regarding Dr. Robertson's records is wholly inadequate under the regulations.  The Commissioner seeks to avoid the consequences of this error by asserting that plaintiff fails to point to any specific restrictions imposed by Dr. Robertson that were not incorporated into the RFC.  Adopting the Commissioner's theory, all treating physician evidence unaccompanied by specific restrictions could be disregarded by the ALJ as "harmless error."  This is not the result intended in *Heston*.  By trying to force the square factual pattern of this case into the round role of *Heston*, the Commissioner is attempting to have the exception swallow the rule, which the undersigned is unwilling to permit.  A remand for the ALJ to consider Dr. Robertson's records as treating physician evidence under the regulations is, therefore, required.

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that defendant's motion for summary judgment be **DENIED**, that the findings of the Commissioner be **REVERSED**, and that this matter be **REMANDED** for further proceedings.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 6, 2013                              s/Michael Hluchaniuk
                                                    Michael Hluchaniuk
                                                    United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I certify that on <u>February 6, 2013</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Steven V. Harthorn, Theresa M. Urbanic, AUSA, and the Commissioner of Social Security</u>.

s/Tammy Hallwood_____
Case Manager
(810) 341-7850
tammy_hallwood@mied.uscourts.gov
